Information to identify the case:

| | | | | |
|---|---|---|---|---|
| Debtor 1: | Jason Michael Wimmer | | Social Security number or ITIN: | xxx–xx–4176 |
| | First Name    Middle Name    Last Name | | EIN: _ _–_ _ _ _ _ _ _ | |
| Debtor 2: (Spouse, if filing) | Danielle Elizabeth Wimmer | | Social Security number or ITIN: | xxx–xx–6577 |
| | First Name    Middle Name    Last Name | | EIN: _ _–_ _ _ _ _ _ _ | |
| United States Bankruptcy Court: District of Kansas | | | Date case filed for chapter: | 13    10/11/23 |
| Case number / Presiding Judge: **23–21212 / Robert D. Berger** | | | Date Notice Issued: **10/12/23** | |

## Official Form 309I
# Notice of Chapter 13 Bankruptcy Case

**11/20**

**For the debtors listed above, a case has been filed under chapter 13 of the Bankruptcy Code. An order for relief has been entered.**

**This notice has important information about the case for creditors, debtors, and trustees, including information about the meeting of creditors and deadlines. Read both pages carefully.**

The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtors, the debtors' property, and certain codebtors. For example, while the stay is in effect, creditors cannot sue, garnish wages, assert a deficiency, repossess property, or otherwise try to collect from the debtors. Creditors cannot demand repayment from debtors by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although debtors can ask the court to extend or impose a stay.

Confirmation of a chapter 13 plan may result in a discharge. Creditors who assert that the debtors are not entitled to a discharge under 11 U.S.C. § 1328(f) must file a motion objecting to discharge in the bankruptcy clerk's office within the deadline specified in this notice. Creditors who want to have their debt excepted from discharge may be required to file a complaint in the bankruptcy clerk's office by the same deadline. (See line 8 below for more information.)

To protect your rights, consult an attorney. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below or through PACER (Public Access to Court Electronic Records at https://pacer.uscourts.gov).

**The staff of the bankruptcy clerk's office cannot give legal advice.**

**To help creditors correctly identify debtors, debtors submit full Social Security or Individual Taxpayer Identification Numbers, which may appear on a version of this notice. However, the full numbers must not appear on any document filed with the court.**

**Do not file this notice with any proof of claim or other filing in the case. Do not include more than the last four digits of a Social Security or Individual Taxpayer Identification Number in any document, including attachments, that you file with the court.**

| | | | |
|---|---|---|---|
| **1. Meeting of creditors** Debtors must attend the meeting to be questioned under oath. In a joint case, both spouses must attend. Creditors may attend, but are not required to do so. | **November 15, 2023 at 09:00 AM** The meeting may be continued or adjourned to a later date. If so, the date will be on the court docket. All individual debtors are required to produce photo ID and proof of Social Security Number to the Trustee at the Meeting of Creditors. Non–lawyers SHOULD NOT bring cellular telephones or other electronic communication devices to the courthouse. | | **Location: Phone Number: (877) 991–1709, Access Code: 5087285#** |
| | **About Debtor 1:** | | **About Debtor 2:** |
| **2. Debtor's full name** | Jason Michael Wimmer | | Danielle Elizabeth Wimmer |
| **3. All other names used in the last 8 years** | | | fka Danielle Facteu |
| **4. Address** | 2465 Stafford Rd Ottawa, KS 66067 | | 2465 Stafford Rd Ottawa, KS 66067 |
| **5. Debtor's attorney** Name and address | Ryan A Blay WM Law 15095 W 116th St Olathe, KS 66062 | | Contact phone 913–422–0909 |

**For more information, see page 2**

Case 23-21212   Doc# 14   Filed 10/12/23   Page 1 of 2

| | | |
|---|---|---|
| **6. Bankruptcy trustee**<br>Name and address | William H Griffin<br>5115 Roe Blvd Ste 200<br>Roeland Park, KS 66205–2393 | Contact phone 913–677–1311 |
| **7. Bankruptcy clerk's office**<br>Documents in this case may be filed at this address. You may inspect all records filed in this case at this office or online at https://pacer.uscourts.gov. | 161 Robert J. Dole US Courthouse<br>500 State Avenue<br>Kansas City, KS 66101 | Office Hours:  9:00 AM – 4:00 PM<br>Monday – Friday<br>Contact phone (913) 735–2110 |

| | | |
|---|---|---|
| **8. Deadlines**<br>The bankruptcy clerk's office must receive these documents and any required filing fee by the following deadlines. | **Deadline to file a complaint to challenge dischargeability of certain debts:** | **Filing deadline: 1/16/24** |
| | **You must file:**<br>• a motion if you assert that the debtors are not entitled to receive a discharge under U.S.C. § 1328(f) or<br>• a complaint if you want to have a particular debt excepted from discharge under 11 U.S.C. § 523(a)(2) or (4). | |
| | **Deadline for all creditors to file a proof of claim (except governmental units):** | **Filing deadline: 12/20/23** |
| | **Deadline for governmental units to file a proof of claim:** | **Filing deadline: 4/8/24** |
| | **Deadlines for filing proof of claim:**<br>A proof of claim is a signed statement describing a creditor's claim. You may complete and file an electronic proof of claim at www.ksb.uscourts.gov/epoc/ or a proof of claim form may be obtained at www.uscourts.gov or any bankruptcy clerk's office.<br><br>If you do not file a proof of claim by the deadline, you might not be paid on your claim. To be paid, you must file a proof of claim even if your claim is listed in the schedules that the debtor filed.<br><br>Secured creditors retain rights in their collateral regardless of whether they file a proof of claim. Filing a proof of claim submits the creditor to the jurisdiction of the bankruptcy court, with consequences a lawyer can explain. For example, a secured creditor who files a proof of claim may surrender important nonmonetary rights, including the right to a jury trial. | |
| | **Deadline to object to exemptions:**<br>The law permits debtors to keep certain property as exempt. If you believe that the law does not authorize an exemption claimed, you may file an objection. | **Filing deadline:** 30 days after the *conclusion* of the meeting of creditors |
| **9.  Filing of plan** | The debtor has filed a plan. The plan is enclosed. The hearing on confirmation will be held on:<br>**12/19/23** at **09:30 AM** , Location: **Robert J Dole US Courthouse, 500 State Avenue Room 151, Kansas City, KS 66101** | |
| **10. Objection to Plan** | A plan is not effective unless approved by the bankruptcy court at a confirmation hearing. Objections to the plan shall be filed 7 days before the confirmation hearing. | |
| **11. Creditors with a foreign address** | If you are a creditor receiving a notice mailed to a foreign address, you may file a motion asking the court to extend the deadline in this notice. Consult an attorney familiar with United States bankruptcy law if you have any questions about your rights in this case. | |
| **12. Filing a chapter 13 bankruptcy case** | Chapter 13 allows an individual with regular income and debts below a specified amount to adjust debts according to a plan. A plan is not effective unless the court confirms it. You may object to confirmation of the plan and appear at the confirmation hearing. A copy or summary of the plan, if not enclosed, will be sent to you later, and if the confirmation hearing is not indicated on this notice, you will be sent notice of the confirmation hearing. The debtor will remain in possession of the property and may continue to operate the business, if any, unless the court orders otherwise. | |
| **13. Exempt property** | The law allows debtors to keep certain property as exempt. Fully exempt property will not be sold and distributed to creditors, even if the case is converted to chapter 7. Debtors must file a list of property claimed as exempt. You may inspect that list at the bankruptcy clerk's office or online at  https://pacer.uscourts.gov. If you believe that the law does not authorize an exemption that debtors claimed, you may file an objection by the deadline. | |
| **14. Discharge of debts** | Confirmation of a chapter 13 plan may result in a discharge of debts, which may include all or part of a debt. However, unless the court orders otherwise, the debts will not be discharged until all payments under the plan are made. A discharge means that creditors may never try to collect the debt from the debtors personally except as provided in the plan. If you want to have a particular debt excepted from discharge under 11 U.S.C. § 523(a)(2) or (4), you must file a complaint and pay the filing fee in the bankruptcy clerk's office by the deadline. If you believe that the debtors are not entitled to a discharge of any of their debts under 11 U.S.C. § 1328(f), you must file a motion by the deadline. | |

Case 23-21212　　Doc# 14　　Filed 10/12/23　　Page 2 of 2

**Form ntcfinmgt**  (Revised 12/03/2015)

**United States Bankruptcy Court – District of Kansas**
161 Robert J. Dole US Courthouse
500 State Avenue
Kansas City, KS 66101

Case Number:  23–21212                                           Chapter:  13

In re: (Name of Debtor)

Jason Michael Wimmer                          Danielle Elizabeth Wimmer
2465 Stafford Rd                                    fka      Danielle Facteu
Ottawa, KS 66067                                   2465 Stafford Rd
                                                               Ottawa, KS 66067

| Entered By The Court<br>10/12/23 | NOTICE OF REQUIREMENT TO FILE A<br>STATEMENT OF COMPLETION OF COURSE IN<br>PERSONAL FINANCIAL MANAGEMENT<br>(Official Form 423) | Filed By The Court<br>**10/12/23**<br>David D. Zimmerman<br>Clerk of Court<br>US Bankruptcy Court |

Notice is hereby given that, subject to limited exceptions, a debtor must complete an instructional course in personal financial management after filing the petition in order to receive a discharge under chapter 7 (11 U.S.C. 727) or chapter 13 (11 U.S.C. 1328). Pursuant to Rule 1007(b)(7) of the Rules of Bankruptcy Procedure, the debtor(s) must complete and file Debtor's Certification of Completion of Instructional Course Concerning Personal Financial Management (Official Form 423)* as described in 11 U.S.C. 111.

Debtor(s) and debtor(s)' attorney are hereby notified that Official Form 423 must be filed before a discharge can be entered. Debtor(s) and debtor(s)' attorney are hereby notified that the debtor(s) must file Official Form 423 within 60 days after the first date set for the meeting of creditors under § 341 for a chapter 7 case or no later than the last payment made by the debtor in a chapter 13 case. Failure to file the certification will result in the case being closed without an entry of discharge. If a Motion to Reopen the Case is subsequently filed by Debtor(s), to allow for the filing of the Official Form 423, the debtor(s) must pay the full reopening fee due for filing the motion.

*NOTE: Official Form 423 (Debtor's Certification of Completion of Instructional Course Concerning Personal Financial Management) must be filed in all individual chapter 7 and chapter 13 cases even if the U.S. Trustee has not approved any credit counseling agency or financial management course for the applicable district. See Rule 1007(b)(7).

Document 14 – 2                                        s/   David D. Zimmerman
                                                             Clerk, United States Bankruptcy Court